JAMES C. DAVIS, FEDERAL AGENT, v. MRS. MARY PRESTON, ADMINISTRATRIX.

No. 4240. Decided March 27, 1929.
(16 S. W., 2d Series, 117.)

*Andrews, Streetman, Logue & Mobley,* for plaintiff in error.

Where a cause of action for damages predicated upon the death of a railroad employee was originally brought against the Director General of Railroads by the widow, suing in her individual capacity, and not in an administrative capacity, and where, more than two years afterward, for the first time, steps were taken looking to the substitution of the Federal Agent in lieu of the Director General of Railroads, which likewise occurred more than two years after the termination of Federal control, and then new pleadings were filed upon the eve of the trial bringing in the Federal Agent as defendant, and where he, answering for the first time in the cause, in respect to the merits of the controversy, alleged that the deceased was an employee engaged in interstate commerce at the time of his death, and upon said pleadings the cause went to trial with the plaintiff still suing in her individual capacity and not as administratrix, and it then happened that, only after all the evidence was in and the court was preparing his charge for the jury, did it occur to the plaintiff or her attorneys that she should appear in the cause as administratrix, whereupon said attorneys to that end requested leave to file a trial amendment, which was allowed over the exceptions of the defendant; any judgment rendered in behalf of plaintiff, as administratrix as against Jas. C. Davis, Federal Agent, sued under such circumstances, must be reversed; because the cause of action as administratrix was asserted for the first time two years after the passage of the Transportation Act of 1920 and was barred; and because the substitution of the Federal Agent was not accomplished in the manner or in the time prescribed by the Federal statute, and the saving Federal enactment of later date does not apply because the suit was not "properly brought" within the meaning of that statute. Littlefield v. Fry, 39 Texas, 299; United States v. Martinez, 195 U. S. 469; 17 R. C. L., 824.

A jury cannot be permitted to speculate about the circumstances of an accident, and, by building one presumption upon another, arrive at the conclusion that a death was negligently caused; the burden of proof being upon a plaintiff, suing for damages on account of the death of her husband, while engaged in railroad employment, to show that such death was proximately caused by negligence of the employer or of his servants, agents or employees. Baulic v. Railway, 59 N. Y., 356; G. C. & S. F. Ry. v. Davis, 161 S. W., 932; G. C. & S. F. Ry. v. Matthews, 32 T. C. A., 137; Hyatt v. Johnson, 91 Penn. St., 200; Joske v. Irvine, 91 Texas, 576; M. P. Ry. v. Porter, 73

Texas, 304; Parks v. Railway, 29 T. C. A., 551; Railway v. Anson, 101 Texas, 198; Railway v. Baker, 99 Texas, 452; Railway v. Copley, 176 S. W., 665; Railway v. Marrujo, 102 S. W., 588; T. & N. O. Ry. v. Crowder, 63 Texas, 502; T. & P. v. Schumacher, 98 Texas, 451; Texas Loan Agency v. Fleming, 92 Texas, 463.

*McDonald & Wayman* and *Cole, Cole, O'Connor & Jones,* for defendant in error.

Where a wife sues a railroad company for the negligent death of her husband under the death statute of Texas, alleging that the parties were engaged in intrastate commerce at the time of the fatal accident, an amendment of the petition permitting her to sue in her representative capacity under the Federal Employers' Liability Act on the same facts does not introduce a new cause of action, and, therefore, may be made although the limitation period has elapsed since the accident. Bird v. Ft. W. & R. G. Ry., 207 S. W., 518; Pope v. K. C. M. & O. Ry. Co., 109 Texas, 311, 207 S. W., 514; N. Y. C. & H. R. R. Co. v. Kinney, 67 L. Ed., 136.

Where, on the evidence there is room for differences of opinion between reasonable men as to the existence of facts from which an ultimate fact shall be established, or where there is room for such differences as to the inferences which may be drawn from conceded facts, the case should be submitted to a jury, as it is their conclusion that should prevail and not the views of the trial judge or an appellate court. Hickman v. Ohio State L. Ins. Co., 110 N. E., 542; Cartwright v. Canode, 171 S. W., 696; 4 Labatt, Master and Servant, 4784; Bock v. Fellman D. G. Co., 212 S. W., 635; Settle v. Railway Co., 48 Am. St., 635; Burk v. Railway Co., 109 Pac., 1087; Choctaw, Okl., etc., Ry. Co. v. McDade, 191 U. S., 64.

Mr. Justice GREENWOOD delivered the opinion of the court.

By this writ of error a reversal is sought of a judgment obtained by defendant in error, Mrs. Mary Preston, as administratrix of the estate of her deceased husband, W. P. Preston, against plaintiff in error, James C. Davis, as Federal Agent, designated by the President as the representative of the United States in suits arising from federal control of railroads.

Two grounds are urged for reversal: first, that the cause of action asserted by plaintiff in error was barred by the statute of limitations of the United States; and second, that there is no evidence to warrant the finding that the death of defendant in error's husband was proximately caused by the negligence of the Director General.

This suit was filed on February 26, 1920, by defendant in error individually against Walker D. Hines, as Director General of Railroads, to recover damages resulting from the death of her husband on September 14, 1919. The original petition charged that the death of defendant in error's husband, W. P. Preston, was proximately caused by the negligence of the Director General in failing to exercise ordinary care to provide said Preston a reasonably safe place to work, in that the Director General had negligently caused iron rails to be placed near the track at a point where said Preston was required to alight in performing his duties as switchman in such manner as to throw him beneath the moving cars. Walker D. Hines having resigned as Director General, John Barton Payne was appointed his successor as Federal Agent. Later Payne resigned, and, on March 26, 1921, plaintiff in error James C. Davis was appointed his successor. On May 31, 1922, the trial court made an order substituting James C. Davis, in his capacity of Federal Agent, as defendant in lieu of the Director General. On November 29, 1922, defendant in error, as the duly qualified administratrix of the estate of W. P. Preston, was, by leave of court, substituted as the plaintiff; and she adopted the pleadings previously filed by her individually, with an additional averment that the Director General was engaged in interstate commerce when W. P. Preston sustained the injury causing his death.

On findings to the effect that W. P. Preston's death was proximately caused by the negligence of the agents of the Director General, as plead by defendant in error, she recovered a judgment as administratrix against plaintiff in error, James C. Davis, Federal Agent, for $3750.00 with interest and costs.

Plaintiff in error appears to concede that under the express terms of the Winslow Act, a suit of the character of that of defendant in error "*properly commenced* within the period of limitation prescribed and pending at the time" the Act takes effect, "shall not abate by reason of the . . . resignation of the Director General or the agent designated" as his successor, but that the plaintiff has the right to substitute the proper federal agent as defendant in lieu of the Director General at any time before satisfaction of final judgment in such suit.

Plaintiff in error's contention is clearly and succinctly summarized in his application for writ of error as follows:

"The Federal control of railroads terminated and no substitution was had and no administratrix was qualified until more than two

years thereafter; indeed more than two years had elapsed from and after the appointment and qualification of the first Federal Agent before any steps were taken to procure a substitution of such Federal Agent and it was in the course of the trial of this law suit that an administratrix was appointed and qualified; in consequence of which the suit was not 'properly commenced' within the period of limitation prescribed in the 1920 Transportation Act."

We think the Supreme Court of the United States has given such construction to the Acts of Congress as forbids the holding that this suit was not "properly commenced" by Mrs. Preston against the Director General. At the time the suit was filed, the Director General was the prescribed party defendant. The defect in her petition was that she sued as an individual instead of as administratrix. She was the real party at interest—no matter by whom the suit was prosecuted. That this defect did not prevent her suit from being "properly commenced"—so far as tolling the statutes of limitations is concerned—was in effect declared in Reading Company v. Koons, 271 U. S., 62, 70 L. Ed., 837, where it is said:

"This court has held that a suit brought by such persons in their individual capacity is not a nullity within the provisions of the act, and that if by amendment the plaintiff is properly described as executor or administrator of the decedent, even though the amendment is had after the expiration of the statutory period, the suit may be maintained and a recovery had under the statute. See Missouri, K. & T. R. Co. v. Wulf, supra (226 U. S., 570, 57 L. Ed., 355, Ann. Cas., 1914 B, 134). See also Seaboard Air Line Co. v. Renn, 241 U. S., 290, 60 L. Ed., 1006, 36 Sup. Ct. Rep., 567, 17 N. C. C. A., 1, and New York C. & H. R. R. Co. v. Kinney, 260 U. S., 340, 67 L. Ed., 294, 43 Sup. Ct. Rep., 122."

The Texas Supreme Court had previously interpreted the opinions in the Wulf case in the Renn case as requiring the holding that:

"An amendment which merely substitutes as plaintiff the personal representative of deceased instead of his dependents or one which adds to the previous allegations of fact, not otherwise altered, the statement that deceased was injured while engaged in interstate commerce, does not introduce a new cause of action." Pope v. K. C. M. & O. R. Co. of Texas, 109 Texas, 312.

This action was commenced before it was barred under the terms of any statute of limitations by the filing of the original petition and the service of citation on the Director General. It was an action pending on February 29, 1920. Sec. 206 (d) of the Transportation

Act of February 28, 1920, c. 91, declares that such an action shall not abate by reason of the termination of federal control but may be prosecuted to final judgment substituting the designated agent for the Director General. Therefore, the action of the court below in substituting the Federal Agent for the Director General proceeded in strict conformity to the terms of the then governing federal statute. The period of limitation fixed in sec. 206 (a) related to new suits or to the introduction of new causes of action and not to a pending suit without change in cause of action. Bagging Company v. R. R., 184 N. C., 73, De Witt v. N. Y. Central R. Co., 196 N. Y. S., 909, 206 App. Div., 638; Davis v. Hagan, 255 S. W., 485; Hill v. Davis, 257 S. W., 342; Kilgore v. Hines, 265 S. W., 744; Dougherty v. Payne, 291 Fed., 60, 61.

The decision in Davis v. Cohen & Company, 268 U. S., 642, cited by plaintiff in error, is predicated on the conclusion that the substitution of the designated agent as defendant for the railroad company was "the commencement of a new and independent proceeding"; while the basis of our decision is the conclusion announced in the Wulf case and re-affirmed in the Koons case that such an amendment as that presented in this case "introduced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit." Missouri K. & T. Ry. v. Wulf, 226 U. S., 576.

After careful consideration, we approve the decision of the Court of Civil Appeals that there was evidence to support the finding of the jury that defendant's negligence was the proximate cause of the death of W. P. Preston.

The evidence plainly supported the finding that the Director General by his agents was negligent in leaving a ninety-pound iron about a foot and a quarter from the coach steps where it was apt to be encountered by a switchman in alighting from the train and walking beside the track in the performance of his regular duties. With evidence disclosing the point at which Preston stepped from the coach by the imprint of his heel on the ground about two and a half feet from the end of the rail, with his duties requiring his next step to be made about where he would be tripped by the end of the rail, especially while combating a thirty-five mile an hour wind, and with his cap and lantern found about where they would have fallen upon his being tripped by the rail, and with his body actually caught and mangled beneath the cars as they proceeded a short distance farther; there being no evidence of anything save the rail to reasonably ac-

count for Preston's fall beneath the train; we would not be justified in holding as a matter of law that a recovery should be denied his administratrix on the issue of proximate cause. Kreigh v. Westinghouse & Company, 214 U. S., 249.

The vital question here, which is whether there is a total lack of evidence of contact of Preston's foot with the rail is not unlike that of whether there was a total lack of evidence that one Myers met his death through contact with a wire. The latter question was thus disposed of by the Supreme Court of the United States, *viz.:*

"Considering the testimony, as it must be considered in determining questions of this character in appellate courts, in its most favorable aspect to the plaintiff below, we think the jury might well have found, in view of the place at which the body of Myers was found near to the wire, with his cap gone from his head, that he came in contact with that wire and was thrown to the ground, and that he survived from contact with the wire, carrying the voltage which it did, and while in this situation was run over and killed by the approaching motor car, the operator being unable to see his body upon the track because of the want of efficient light in the entry or in the motor car. We think reasonable men considering the testimony adduced might well have come to this conclusion, and that it was error in the appellate court to set aside the verdict for entire absence of testimony upon this subject. In our opinion, the trial court properly left the question to the jury upon testimony which when fairly considered might sustain the verdict." Myers v. Pittsburgh Coal Company, 233 U. S. 193.

There being direct evidence that defendant negligently left an obstruction in Preston's path, and there being direct and circumstantial evidence leading to the inference that he encountered the obstruction while discharging his duty and was thereby thrown to his death, the case is one where the jury drew a warranted inference from facts. No piling of presumption on presumption, as is forbidden, was required in order for the jury to find against plaintiff in error on the issue of proximate cause. N. Y. Central R. Company v. Gapinski, 249 Fed., 347.

Finding no error in the judgments of the District Court and of the Court of Civil Appeals, it is ordered that said judgments be affirmed.

*Affirmed.*