Marion E. GOODE, et al.,

v.

Mohammad F. SHOUKFEH,
M.D., Appellee.

No. 07–93–0099–CV.

Court of Appeals of Texas,
Amarillo.

Oct. 4, 1993.

Les Weisbrod, Dallas, Michael S. Box, William S. Newman, Mary Alice McLarty, Lubbock, for appellants.

McCleskey, Harriger, Brazill & Graf Llp, Jim Hund, Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Appellants Marion E. Goode, individually and for the benefit of Orlin Goode, Marjean

Goode, Marrene Goode King, and Burkley Goode, the children of James Emerson Goode (the Goode children), and Orlin Goode as Independent Executor of the Estate of James Emerson Goode bring this appeal from a summary judgment in favor of appellee Mohammad F. Shoukfeh, M.D.[1] We reverse in part and affirm in part.

This appeal arises from a wrongful death and survival lawsuit alleging medical malpractice in connection with the death of James Emerson Goode. In February 1988, Mr. Goode was admitted to Methodist Hospital in Lubbock to undergo knee replacement surgery. Subsequent to the surgery, Mr. Goode developed pulmonary emboli. Appellee was brought in to consult in the treatment of the pulmonary emboli. The gravamen of the instant suit is appellee's alleged failure to conform to the recognized standard of care for Mr. Goode's condition. Because of that alleged failure, Mr. Goode suffered respiratory distress, fainting spells and chest pain culminating in his death on March 7, 1988.

Because of the nature of this appeal, it is necessary to set out the pleading history of the case. On May 18, 1990, Marion E. Goode filed this suit against appellee, the Methodist Hospital, and other treating doctors. In her original petition, in addition to a claim for her damages and without specific mention of an executor or of her children, Ms. Goode sought recovery for her husband's pain and suffering prior to death. In paragraph VII. of that petition, she alleged, "[P]ursuant to V.T.C.A., Civil Practice and Remedies Code § 71.021, the cause of action which was possessed by the deceased has, in fact, survived to and in favor of his Heirs and Estate." Hereinafter, we will refer to the Estate of James Emerson Goode as "the Estate."

On July 9, 1991, a second amended original petition was filed in which Orlin Goode was joined in his capacity as Independent Executor of the Estate. The factual allegations and allegations of appellee's negligence remained unchanged in the petition. The only difference between the original petition and the second amended petition was the addition of Orlin Goode in his representative capacity and the deletion of all defendants other than appellee.

On July 22, 1991, a third amended original petition was filed in which, for the first time, Ms. Goode specifically recited that she was seeking recovery "for the benefit of all surviving children of James Emerson Goode— Orlin Goode, Marjean Goode, Marrene Goode, and Burkley Goode." The petition sought damages for the children's loss of their father's "love, support, solace, companionship, society, guidance and caring" which they would have enjoyed had he lived. Additionally, the petition sought damages for the mental anguish the children suffered as a result of their father's death.

On November 12, 1992, appellee moved for partial summary judgment urging, in relevant part, that the wrongful death claims of the Goode children and the survival action of the Estate were barred by section 10.01 of the Medical Liability and Insurance Improvement Act (Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1993) [hereinafter "the Act"] ). Agreeing, the trial court granted summary judgment in favor of appellee on that portion of the motion. The court thereafter severed the survival claims of the Estate and the wrongful death claims of the Goode children from the wrongful death claims of the deceased's wife, Marion Goode. Hence, this appeal.

In three points, appellants contend that the trial court erred in its action because (1) the survival action asserted on behalf of the Estate was plainly and properly pled in the original petition which was timely filed; (2) the Texas Wrongful Death Act (Tex.Civ.Prac. & Rem.Code Ann. § 71.004(b) (Vernon 1986)) specifically allows a plaintiff to bring a wrongful death action on behalf of other claimants and the original petition, which was timely filed, specifically asserted such a claim and was sufficient to give notice of the Goode children's claims; and, (3) the movant was not entitled to the motion for partial sum-

---

1. Although Marion Goode is named in her individual capacity as an appellant in appellants' brief, her individual claim for recovery was severed from the judgment giving rise to this appeal and the merit of that suit is not before us at this time.

mary judgment and motion for severance and it should not have been granted.

■ This appeal actually presents two questions. First, are the survival claims of the Estate barred by the statute of limitations of the Act and, second, are the wrongful death claims of the children barred by the same statute. In deciding these questions we must bear in mind that (1) a summary judgment movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue, evidence favorable to the non-movant will be taken as true; and, (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex.1985).

Section 10.01 of the Act reads as follows:

Notwithstanding any other law, no health liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed. . . .

■ In the seminal case of *Morrison v. Chan*, 699 S.W.2d 205 (Tex.1985), we are reminded that the legislature enacted the Act to alleviate a perceived medical malpractice insurance crisis in this State. The Texas Supreme Court explained that, in an effort to accomplish this goal, "the Legislature adopted an absolute two-year limitation period." *Id.* at 208. We are also reminded that it is our duty to construe statutes as written and, if possible, to ascertain the legislative intent from the language of the Act by looking at the Act as a whole and not to its isolated provisions. *Id.*

The language of section 10.01 is clear and exclusive and contains only two tolling provisions that suspend the absolute two-year bar: minority and timely notice. *Hill v. Milani*, 686 S.W.2d 610, 611 (Tex.1985); *Waters ex rel. Walton v. Del–Ky, Inc.*, 844 S.W.2d 250, 255 (Tex.App.—Dallas 1992, no writ). Since minority is not an issue in this case, we must determine if the statute was tolled by timely notice.

As noted above, James Emerson Goode died on March 7, 1988. Within two years of his death, Marion Goode gave written notice that she intended to pursue a health care liability claim. By virtue of section 4.01 of the Act, the written notice had the effect of tolling the limitation period for 75 days. That being true, the two year limitation period expired on May 21, 1990. Acknowledging that Marion Goode timely filed her individual claim, appellee contends that a survival action on behalf of the Estate was not formally asserted until the filing of the second amended original petition on July 9, 1991, when Orlin Goode, in his capacity as Independent Executor of the Estate, was joined in the suit. Appellee also argues that a claim asserting a right of recovery on behalf of the Goode children was not made until the filing of the third amended original petition on July 22, 1991. Since both dates are after the expiration of the limitation period, appellee concludes that the trial court acted correctly in granting partial summary judgment in his favor.

## THE ESTATE SURVIVAL CLAIM

In her original petition, making specific reference to section 71.021 of the Code, Ms. Goode alleged that the deceased's cause of action "survived to and in favor of his Heirs and Estate." The petition further alleged that "[p]laintiff seeks to recover damages for the conscious pain and suffering of the deceased, James Emerson Goode. Additionally, the Estate has incurred funeral and burial expenses for which they plead recovery."

In support of appellee's argument that the original pleading was not sufficient to timely allege a claim on behalf of the Estate, appellee argues that the claim, being in the nature of a recovery for personal injury, if successful, would have been the separate property of Mr. Goode had he survived. Appellee points out that, in his will, Goode left nothing to his wife, Marion Goode, but named only his children and one grandchild as beneficiaries. Additionally, in his will, Mr. Goode named his daughter Marrene Goode, rather than Marion Goode, as independent executor of his

estate. Parenthetically, Marrene Goode renounced her right to administer the Estate thus leading to Orlin Goode's appointment as successor independent executor.

Contending that, for the above reasons, Marion Goode was neither an "heir" nor the "legal representative" of the Estate, appellee concludes Ms. Goode had no standing under section 71.021(b), *supra,* to bring a survival action on behalf of the Estate. While he acknowledges that section 71.004(b) of the Texas Civil Practice and Remedies Code allows a surviving spouse to bring a wrongful death action for the benefit of all wrongful death beneficiaries, appellee posits that the statute is within the purview of the "other law" specifically made inapplicable by section 10.01. Hence, appellee concludes that no proper timely notice of the Estate's claim was given and thus its action was barred by section 10.01 of the Act. We disagree.

■ While section 71.021(b) provides for the survival of a deceased's claim for personal injury, it does not specify by whom a cause of action for recovery of that survival claim must be brought. The allegations contained in the original petition, which was indisputably filed within the limitation period, were sufficient to notify appellee that a survival claim on behalf of the Estate was being made, as well as the nature of that claim.

That being true, the purpose and intent of section 10.01 was fulfilled, such purpose being to require the filing of a health care liability claim against a physician within the period of time determined by the legislature to be reasonable in order to limit the length of time a health care provider would be exposed to potential liability. The obvious intent of the legislature was to make it absolutely clear that such timely filing was required "notwithstanding any other law" which might otherwise have extended the time period. *See, e.g., Shidaker v. Winsett,* 805 S.W.2d 941, 943 (Tex.App.—Amarillo 1991, writ denied).

■ However, once the timely filing requirement of the Act is met, subject to the express limitations and provisions of the Act, other statutory and code provisions concerning the conduct of a suit come into play. For example, even assuming, arguendo, that Ms. Goode did not have the capacity to bring the survival action on behalf of the Estate, her right to do so could have been challenged under the provision of Rule 93(1) of the Texas Rules of Civil Procedure. Appellee's failure to raise the issue of capacity prior to the amendment joining the Independent Executor as a party resulted in appellee waiving his right to question Marion Goode's capacity to bring suit on behalf of the Estate. *See Pledger v. Schoellkopf,* 762 S.W.2d 145, 146 (Tex.1988); *MTrust Corp. N.A. v. LJH Corp.,* 837 S.W.2d 250, 255 (Tex.App.—Fort Worth 1992, writ denied); *Weatherly v. Martin,* 754 S.W.2d 790, 792 (Tex.App.—Amarillo 1988, writ denied).

■ Inasmuch as it was clear from the original petition that a survival claim was being made on behalf of the estate, and because the later amendment merely named the Estate representative without asserting a new and distinct cause of action, the later amendment related back to the original filing and was not subject to a limitation plea. Tex.Civ.Prac. & Rem.Code Ann. § 16.068 (Vernon 1986). Appellant's first point is sustained.

## WRONGFUL DEATH CLAIMS OF THE GOODE CHILDREN

■ By virtue of Texas Civil Practice and Remedies Code sections 71.001–71.010, the Goode children were entitled to assert a claim for damages suffered by them as a result of the death of their father if that death was caused by appellee's failure to meet the appropriate standard of care. Section 71.004(b) provides, "[t]he surviving spouse, children and parents of the deceased may bring the (wrongful death) action or one or more of those individuals may bring the action for the benefit of all." In arguing that their claim was also timely filed, the Goode children rely upon this provision together with the relation-back doctrine of section 16.068 of the Texas Civil Practice and Remedies Code.

Emphasizing the proviso of section 71.004(b) that allows the surviving spouse to bring the suit "for the benefit of all," the Goode children assert that Ms. Goode had

authority to bring an action on their behalf. Reasoning further, the Goode children contend that, as in the case of the Estate claims, the allegations in the original petition were sufficient to give the requisite timely notice of their individual claims and, by virtue of section 16.068, the allegations in the third amended original petition relate back to the original. We disagree.

There is a basic distinction between the causes of action within the purview of section 71.021 and those within the purview of section 71.004. Section 71.021 provides for the survival of a cause of action by which a decedent may have sought recovery for personal injuries, pain and suffering, and other damages suffered prior to his or her death (a survival action).[2] By comparison, a cause of action within the purview of section 71.004 is a cause of action accruing to the surviving spouse, children, and parents of a deceased for their own damages suffered as a result of the death of the decedent (a wrongful death action). This cause of action arises when the negligence of a third party causes the decedent's death, thereby entitling the deceased to bring an action for such negligence had he or she survived. Tex.Civ.Prac. & Rem.Code Ann. § 71.003 (Vernon 1986). The two causes of action are separate and distinct. *Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex.1963). Even so, in both types of actions, if founded upon a liability claim for misdiagnosis or mistreatment, the operative limitations period is that prescribed by section 10.01 of the Act. *Shidaker,* 805 S.W.2d at 943.

Unlike the claims asserted on behalf of the Estate, no claim was made on behalf of the Goode children for the damages they may have suffered by virtue of the death of their father until July 22, 1991, the date the third amended original petition was filed. This date was well after the limitations period expired. Even assuming that Ms. Goode was entitled to assert the Goode children's claim for their individual damages, the prior petitions filed by her did not purport to assert any such claims. Thus, the limitation period prescribed by section 10.01 of the Act had expired. Because the relation-back provision of section 16.068 is a part of the "other law" made inapplicable under the Act, it does not benefit the Goode children's cause. The trial court acted correctly in granting appellee summary judgment against the wrongful death claims of the children.

In summary, that portion of the trial court judgment granting appellee summary judgment against the Goode children's individual claims is affirmed and appellants' point of error, to that extent, is overruled. However, insofar as the point of error attacks the portion of the summary judgment dismissing the Estate's claims, it is granted.

Accordingly, the part of the judgment of the trial court granting appellee summary judgment against the individual claims of the Goode children and severing that portion from the original suit, is affirmed. However, the portion of the trial court judgment granting summary judgment against the Estate claims and severing that portion from the original suit is reversed and those claims are remanded to the trial court for determination.

---

**2.** The section also provides for the survival of a cause of action for burial expenses.