NO. 07-03-0351-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 28, 2005

_____

PATRICIA LAZARD COVINGTON AND ELIZABETH ROBERTS,
ON BEHALF OF VINCENT LAZARD, DECEASED, APPELLANTS

V.

SISTERS OF CHARITY OF THE INCARNATE WORD, HOUSTON
TEXAS D/B/A ST. ELIZABETH HOSPITAL OF BEAUMONT, CHRISTUS
HEALTH SOUTHEAST TEXAS D/B/A CHRISTUS ST. ELIZABETH HOSPITAL
AND PAUL D. WESOLOW, M.D., APPELLEES

_____

FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. D166696; HONORABLE MILTON SHUFFIELD, JUDGE

_____

Before REAVIS and CAMPBELL, JJ.[1]

OPINION

Appellants Elizabeth Roberts and Patricia Lazard Covington, independent administrator of the estate of Vincent Lazard, appeal a summary judgment dismissing their survival claims asserted on behalf of the estate. We will affirm the judgment.

_____

[1]Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. Tex. R. App. P. 41.1(b).

Factual and Procedural Background

Vincent Lazard died intestate on December 27, 1999, while a patient at Christus St. Elizabeth Hospital in Beaumont. He did not leave a surviving wife but was survived by three children. On August 31, 2000, his daughter Patricia Lazard Covington was appointed independent administrator of his estate by the probate court of Jefferson County.

Lazard also was survived by siblings. One of his sisters, Elizabeth Roberts, filed suit on February 15, 2002, against appellees Sisters of Charity of the Incarnate Word, Christus Health Southeast Texas d/b/a Christus St. Elizabeth Hospital and Paul D. Wesolow, M.D. The suit asserted medical negligence claims based on Lazard's treatment at the hospital from December 7 through his death on December 27.[2] Roberts filed her original petition "individually and on behalf of Vincent Lazard, deceased." The petition described the plaintiff simply as an individual residing in Beaumont, Jefferson County. The petition alleged facts concerning Lazard's presentation to the emergency room of St. Elizabeth Hospital with complaints of shortness of breath and coughing, his admission to the hospital and his course of treatment in a "cardiac monitored unit" and the hospital's ICU. It alleged Lazard became suicidal and was restrained, that despite his refusal to eat or drink no fluids were administered, that no lab work was performed for a period of nineteen days, that indications of an excessive potassium level were ignored, that renal failure resulted and that his death was caused by aspiration during tube feeding. The petition alleged the defendants' care of Lazard fell below the standard of care, that his death was caused by

---

[2] Roberts previously had given the defendants written notice pursuant to section 4.01 of former Tex. Rev. Civ. Stat. art. 4590i.

2

the defendants' negligence and gross negligence in several listed respects, and that Roberts, individually and on behalf of Lazard, suffered damages particularly described to include mental anguish, and medical and funeral expenses.

On May 2, 2002, Roberts filed a first amended petition alleging claims only "on behalf of the Estate of Vincent Lazard, Deceased." After receiving responses to discovery, in September 2002 appellees filed amended answers challenging Roberts' standing and her capacity to act on behalf of her brother's estate, and filed a traditional motion for summary judgment. Roberts then filed a second amended petition on October 15, 2002, adding Covington as a plaintiff and alleging her to be the administrator of Lazard's estate. The factual allegations were essentially unchanged from the original petition. Appellees followed with an amended motion for summary judgment, asserting as grounds that Roberts' survival cause of action should be dismissed because she had no standing or capacity to sue on behalf of the estate, and that Covington's survival action was barred by limitations. The summary judgment evidence included the order granting Covington letters of independent administration of her father's estate and Roberts' interrogatory responses identifying Lazard's surviving family members. The trial court sent counsel a letter in which the court stated its conclusion that Roberts' suit "would be considered a nullity" because she had no capacity to bring the cause of action she asserted.[3] The court later signed a final judgment dismissing Roberts' and Covington's claims with prejudice, not stating in the judgment the grounds for the dismissal. Both have appealed from that judgment.

---

[3] The court's letter cited *McAdams v. Capitol Products Corp.*, 810 S.W.2d 290 (Tex.App.–Fort Worth 1991, writ denied), and distinguished this court's opinion in *Goode v. Shoukfeh*, 863 S.W.2d 547 (Tex.App.–Amarillo 1993, no writ).

3

Roberts and Covington present two issues on appeal, contending the trial court erred first, "in dismissing the case on the basis that Elizabeth Roberts' pleading was a nullity, because the pleading, which sought damages on behalf of the estate for the decedent's injuries was sufficient on its face to invoke the court's jurisdiction and was sufficient to put defendants on notice of the survival claim that was being made"; and second, "in refusing to allow the amended pleading naming the administrator of the estate to relate back to the prior pleading because the claim in the amended pleading was not based on a wholly new, distinct cause of action."

Applicable Law

Summary judgment for a defendant is proper if, as a matter of law, the plaintiff cannot prevail on the claims. *Butcher v. Scott*, 906 S.W.2d 14, 15 (Tex. 1995); *see Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Appellants' health care liability claims based on medical negligence are subject to the two-year limitations period set by former Article 4590i, Section 10.01,[4] which reads, in part: "Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence . . . ." *See Bala v. Maxwell*, 909 S.W.2d 889, 892-93 (Tex. 1995).

---

[4]Tex. Rev. Civ. Stat. art. 4590i, §10.01, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. The limitation was carried forward in Tex. Civ. Prac. & Rem. Code Ann. § 74.251 (Vernon 2005).

Any recovery obtained in a survival action flows to those who would have received it had the decedent obtained it immediately prior to death--his heirs, legal representatives and estate. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992); Tex. Civ. Prac. & Rem. Code Ann. § 71.021(b) (Vernon 1997). A personal representative of a decedent's estate generally is the only person entitled to bring suit for the recovery of estate property, although under some circumstances an heir may be allowed to do so. *Shepherd v. Ledford*, 962 S.W.2d 28 (Tex. 1998); *Frazier v. Wynn*, 472 S.W.2d 750 (Tex. 1971). That principle applies to the recovery of damages in a survival action. *Shepherd*, 962 S.W.2d at 31.

The relation-back statute, Civil Practice and Remedies Code Section 16.068, provides: "If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." Tex. Civ. Prac. & Rem. Code Ann. §16.068 (Vernon 1997).

Austin Nursing Center, Inc. v. Lovato and Lorentz v. Dunn

After this case was briefed and argued, the supreme court granted petitions for review in *Austin Nursing Center, Inc. v. Lovato*, and *Lorentz v. Dunn*. The court issued opinions in those cases on May 13, 2005. *Austin Nursing Center, Inc. v. Lovato*, 2005 Tex. LEXIS 386, 2005 WL 1124764, 48 Tex. Sup. Ct. J. 624 (May. 13, 2005); *Lorentz v. Dunn*,

5

2005 Tex. LEXIS 387, 2005 WL 1124768, 48 Tex. Sup. Ct. J. 630 (May 13, 2005). The parties have submitted letter briefs to us concerning the effect of the supreme court's opinions in *Lovato* and *Lorentz* on their positions here. We evaluate appellants' issues in light of those opinions.

The supreme court held in *Lovato* that the question of a plaintiff's authority to bring an action under the survival statute is to be treated as one of capacity rather than standing. 2005 WL 1124764 at 2. The court noted that "[t]he parties to a survival action seek adjudication of *the decedent's own* claims . . . ," *id.* at 4, and that the decedent's survival claim becomes part of the estate at death. It held the requirements of the standing doctrine are satisfied by "the estate's" justiciable interest in the action seeking redress for the injuries suffered by the decedent before his death. *Id.* Since a challenge to the right of a plaintiff to assert a survival action addresses capacity rather than standing, it does not implicate the court's subject matter jurisdiction. As in other cases, the issue of a party's capacity is raised by verified pleading. *Id.* at 3; Tex. R. Civ. P. 93.

In *Lovato*, the plaintiff's original petition asserting a health care liability claim on behalf of her mother's estate, filed within the limitations period, contained allegations that the plaintiff was the personal representative of the estate but alleged also that no estate administrator had been appointed.[5] The plaintiff filed an application for independent administration of her mother's estate two months after filing the survival action, and was appointed administrator after limitations ran. Similarly, in *Lorentz*, the plaintiff's original

---

[5] The court's opinion also notes that Lovato's status as an heir of her mother was a matter of dispute.

pleadings alleged she was administrator of her sister's estate, although her application was still pending and she was not appointed administrator until limitations on the survival action expired. *Lorentz,* at 1. In both cases, the supreme court determined that the plaintiffs' lack of capacity was cured by their appointment as administrator after limitations ran but before the survival actions were dismissed.

Citing cases demonstrating that courts have long permitted post-limitations amended pleadings alleging a representative capacity for the first time to relate back to pleadings filed during limitations, the court found in *Lovato* that an original pleading containing the allegation of the correct capacity "should suffice for limitations purposes, provided that capacity, if challenged, is established within a reasonable time." *Lovato,* at 6. Under the circumstances presented in *Lovato,* the court found little significance in the post-limitations pleadings Lovato filed, in which she alleged her appointment as independent administrator of the estate. Because her pleadings had always alleged she was personal representative, the issue, the court said, is not whether her amended pleadings relate back to her original petition but whether her "post-limitations capacity cures her pre-limitations lack thereof." *Id.* at 5.

## Analysis

There are factual differences between this case and *Lovato.* It is undisputed that Roberts is neither personal representative of Lazard's estate nor one of his heirs.[6] Roberts

---

[6]*See* Tex. Prob. Code Ann. § 3(aa) (Vernon 2003) (defining "personal representative"); § 3(o) (defining "heirs"); § 38 (providing the estate of an intestate decedent leaving no surviving spouse passes to children and their descendants).

never pled she was the personal representative of Lazard's estate. As noted, her original petition simply identified her as an individual residing in Jefferson County and stated that she sued individually and on behalf of her deceased brother. No contention is made that she ever has had capacity to bring a survival action, before or after the expiration of limitations. Covington was appointed independent administrator of Lazard's estate some eighteen months before Roberts filed her survival action. Unlike *Lovato*, then, this case does not present an issue whether the original plaintiff's post-limitations capacity cured her pre-limitations lack of capacity. Here, the viability of the survival action depends on the efficacy of the post-limitations amended pleading naming Covington as a plaintiff.

Significantly, the supreme court in *Lovato* expressly affirmed the holdings of *Shepherd* that an estate's personal representative generally is the only person authorized to bring a survival action, but heirs may bring the action directly under some circumstances. *Lovato*, at 5. Covington's appointment as independent administrator required the probate court to find that there existed a necessity for an administration of her father's estate. *See* Tex. Prob. Code Ann. § 88(d) (Vernon 2003). Absent other circumstances, that finding and her appointment established Covington as the only person entitled to bring a survival claim. *Lovato*, at 9-10; *Shepherd*, 962 S.W.2d at 31; *see Pratho v. Zapata*, 157 S.W.3d 832, 839 (Tex.App.–Fort Worth 2005, no pet.). The summary judgment record provides no explanation for Roberts' original pursuit of the survival claim in lieu of Covington, or for Covington's tardy activity in the suit.

Although we acknowledge that Roberts' original petition may have served the purpose of timely notifying the defendants that a survival claim was being asserted on

8

behalf of Lazard's estate, for several reasons we conclude that under these circumstances the amended pleading adding Covington to the suit did not relate back to Roberts' original pleading. First, as noted, Roberts is a stranger[7] to the survival action. Permitting a suit brought by her to toll limitations until Covington took action as administrator runs counter to the requirement of *Shepherd* that such suits be brought by the personal representative when administration is necessary.[8] Second, the court's discussion of relation-back in *Lovato* does not mandate its application here. The court there discussed cases in which courts found amended pleadings alleging the plaintiff's representative capacity to relate back to the filing of the plaintiff's original pleading. *See, e.g., Davis v. Preston*, 118 Tex. 303, 16 S.W.2d 117 (1929); *Pope v. Kansas City, M. & O. Ry. Co. of Tex.*, 109 Tex. 311, 207 S.W. 514 (1918). Those cases involve changes in the allegations of the capacity of the original plaintiff, not the addition of a new plaintiff. *See also Flores v. Cameron County*, 92 F.3d 258, 271-72 (5th Cir. 1996); *City of Houston v. Glover*, 355 S.W.2d 757, 760 (Tex.Civ. App.–Waco 1962, writ ref'd n.r.e.). We note also that section 16.068 does not directly address the filing of a subsequent pleading that adds a new plaintiff. Ordinarily, an

---

[7]A phrase used in Annotation, *Change in Party after Statute of Limitations has Run*, 8 A.L.R.2d 6 (1949), containing the statement, "According to the little authority there is, it appears to be well settled that an amendment adding a party plaintiff after the statute of limitations has run does not relate back to the filing of the original petition if the original plaintiff himself did not have a cause of action." The section of the annotation containing that statement cites no Texas cases. *Id.* at 36.

[8]*See* Tex. Prob. Code Ann. § 233 (Vernon 2003) (stating representative's duty to use ordinary diligence to collect claims and debts due the estate).

amended pleading adding a new party does not relate back to the original pleading. *Alexander v. Turtur & Associates, Inc.*, 146 S.W.3d 113, 121 (Tex. 2004).

This case is not like those allowing the relation-back of a pleading that substitutes a real party in interest for one acting in a representative capacity. *See, e.g., Madore v. Dairyland County Mut. Ins. Co.*, 696 S.W.2d 274, 276 (Tex.App.–Fort Worth 1985, no writ). *See generally*, 2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 10.19 (2d ed. 2003). Even assuming the existence here of circumstances that would have permitted an heir of Lazard to pursue the survival action while an administrator is serving,[9] there is no evidence Roberts was acting as a representative for any of Lazard's children who were his heirs. Nor does this case involve anything analogous to a misnomer, a common occasion for relation-back. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990); *Womack Machine Supply Co. v. Fannin Bank*, 499 S.W.2d 917, 920 (Tex.Civ. App.–Houston [14th Dist.] 1973), *rev'd on other grounds*, 504 S.W.2d 827 (Tex. 1974). We decline to extend the relation-back statute to the amended pleading naming Covington as a plaintiff.

Our opinion in *Goode* does not require a contrary result. There, Marion Goode brought a health care liability claim as a survival action and as a wrongful death action[10] following the death of her husband. Later, after limitations ran, amended pleadings added Orlin Goode, the independent executor of his estate, as a plaintiff. Evidence showed the

---

[9] *See Shepherd*, 962 S.W.2d at 33; *Pratho*, 157 S.W.3d at 847-48.

[10] *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.001, *et seq*. (Vernon 1997).

10

decedent left a will that did not give any property to his wife or name her as executrix. The defendants contended summary judgment in their favor on the survival action should be affirmed because Marion Goode was neither an heir nor personal representative of the estate, and the suit was not properly asserted on behalf of the estate until the independent executor was joined, after limitations expired. This court held that the defendants had waived the right to challenge Marion Goode's capacity to bring suit on behalf of the estate by failing to comply with Rule of Civil Procedure 93. Citing section 16.068, we further noted, though, "Inasmuch as it was clear from the original petition that a survival claim was being made on behalf of the estate, and because the later amendment merely named the Estate representative without asserting a new and distinct cause of action, the later amendment related back to the original filing and was not subject to a limitation plea." 863 S.W.2d at 550.

*Goode* was decided several years before the supreme court held in *Shepherd*, "The Survival Statute provides that only a personal representative, administrator, or heir may sue on behalf of an estate." 962 S.W.2d at 31. Our discussion of Marion Goode's capacity to bring the survival action on behalf of her husband's estate was predicated on our conclusion, clearly superseded by *Shepherd* and *Lovato*, that the survival statute "does not specify by whom a cause of action for recovery of that survival claim must be brought." *Goode*, 863 S.W.2d at 550. Further, Marion Goode was the surviving spouse of the decedent, and properly asserted a wrongful death claim on her own behalf in the same suit. *Id*. at 548. Even if her original petition under those circumstances would suffice for

11

limitations purposes under *Lovato*, a question we need not decide, we think Roberts' original petition clearly did not.

Conclusion

The trial court properly dismissed Roberts' claims because she lacked capacity to pursue an action under the survival statute, and properly dismissed Covington's claims as barred by limitations. Appellants' issues are overruled, and the trial court's judgment is affirmed.


James T. Campbell
Justice