In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-426 CV


____________________



HAROLD DUTTON, Appellant



V.



CLAY DUGAS & ASSOCIATES, P.C., Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-170,607






MEMORANDUM OPINION


 Harold Dutton appeals an order granting summary judgment to Clay Dugas &
Associates, P.C., in a suit for a declaration of lack of privity between Dugas and Patricia
Covington. See Covington v. Sisters of Charity of Incarnate Word, 179 S.W.3d 583 (Tex.
App.--Amarillo 2005, pet. denied). The summary judgment Dutton appeals did not dispose
of all of the claims in controversy in this litigation. Accordingly, we dismiss the appeal for
lack of jurisdiction.

 Dugas represented Elizabeth Roberts in a suit against Sisters of Charity of the
Incarnate Word, Christus Health Southeast Texas d/b/a Christus St. Elizabeth Hospital and
Paul D. Wesolow, M.D. Id. at 584. Roberts' brother, Vincent Lazard, died while a patient
at St. Elizabeth Hospital. Id. After the health care providers challenged Roberts' capacity
to act on behalf of her brother's estate, Roberts filed an amended petition, adding Covington
as a plaintiff and alleging her to be the administrator of Lazard's estate. Id. at 585. 
Covington was Lazard's daughter and had been appointed the independent administrator of
his estate before Roberts filed her suit. Id. at 584. Covington's claims would be barred by
limitations if Roberts' pleading did not toll the two year limitations' period. Id. The trial
court dismissed the suit with prejudice. Id. Reasoning that Roberts was a stranger to the
survival action, the Amarillo Court of Appeals held that the amended pleading adding
Covington as a party did not relate back to the original filing of Roberts' claims and affirmed
the judgment. Id. at 588-89.

 Dugas' petition alleged that Covington retained Harold Dutton to prosecute claims on
behalf of Lazard's estate, that Dutton associated Dugas to represent Covington, that Dugas
did not have a contract with Covington, and that two months after the trial court granted
summary judgment Dutton made a claim and a demand against Dugas. Dugas requested a
declaration that it did not represent Covington and had no duty to file suit on behalf of
Covington at any time prior to August 3, 2002. Dugas also requested attorney's fees. After
Covington filed an answer, Dugas moved for summary judgment on the grounds that the
undisputed facts establish that no attorney-client relationship existed between Covington and
Dugas prior to the expiration of the statute of limitations. Dugas asked for attorney's fees
in its motion for summary judgment, but submitted no summary judgment evidence to
support that request. The trial court granted the motion for summary judgment and declared
that Dugas "owed no duty to Patricia Covington before August 2, 2002." The trial court
crossed off a blank line for an award of attorney's fees on the order granting declaratory
relief. Dutton filed notice of appeal and in a single issue contends the trial court erred
because the lack of privity between Covington and Dugas does not absolve Dugas from all
liability for legal malpractice.

 Although neither party challenges our jurisdiction, we review sua sponte jurisdictional
issues. M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004). The order granting
summary judgment does not contain any language that indicates that the trial court intended
the order to function as the final, appealable judgment in the case. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205-06 (Tex. 2001). Dugas' motion for summary judgment reiterates
its request to recover attorney's fees and nothing in the record indicates Dugas subsequently
abandoned this claim. The trial court's order neither grants attorney's fees nor rules that
Dugas is not entitled to them as a matter of law. A summary judgment that omits a claim for
attorney's fees and does not appear final on its face is not an appealable final judgment. See
McNally v. Guevara, 52 S.W.3d 195, 196 (Tex. 2001).

 We examine the entire record to determine whether an order disposes of all pending
claims and parties. Lehmann, 39 S.W.3d at 205-06. The order in this case is not inherently
final, does not dispose of Dugas' claim for attorney's fees, and lacks clear and unequivocal
language of finality. Because the order is interlocutory, jurisdiction over this case remains
with the trial court and we must dismiss the appeal for lack of jurisdiction.

 APPEAL DISMISSED.




 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on March 22, 2007

Opinion Delivered June 21, 2007


Before McKeithen, C.J., Kreger and Horton, JJ.