# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20373

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2019

Lyle W. Cayce
Clerk

SYLVIA HERNANDEZ, as Administratrix and on behalf of the Estate of
Sylvia Goné, deceased; ESMERELDA ALEJANDRO,

Plaintiffs-Appellants,

v.

J. E. SMITH, II; OFFICER SALAZAR; OFFICER THORNTON; CITY OF
PASADENA,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-684

Before SOUTHWICK, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:*

A police officer named J.E. Smith II witnessed Sylvia Goné make an
illegal U-turn. The officer attempted to give her a ticket. The situation
escalated, and eventually Officer Smith tasered Goné. When backup arrived,
the officers arrested Goné and her passenger, Esmeralda Alejandro. Plaintiffs'
counsel attempted to file a § 1983 suit based on this incident but committed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-20373

numerous litigation missteps along the way—including naming the wrong plaintiff, filing too late, and failing to respond to requests for admission. The district court granted summary judgment to the Defendants. We affirm.

I.

On April 19, 2014, Sylvia Goné was driving in Pasadena, Texas. Esmerelda Alejandro was sitting in the passenger seat. Goné made an illegal U-turn. Officer Smith saw it, followed Goné to a gas station, and got out of his police cruiser. He asked Goné for her driver's license and proof of insurance. Goné appeared at first to ignore him, then refused his request. Goné hurriedly got back into her car, tried to shut the car door while Officer Smith was standing in front of it, and thrashed at Officer Smith when he tried to pull her out of the car. Alejandro yelled at Officer Smith while recording part of the incident on her cell phone. Even though Officer Smith told Alejandro to stay away, Alejandro reached for an object from Goné while Officer Smith was trying to arrest Goné. Eventually Officer Smith tasered Goné. Officers Juan Salazar and Richard Thornton arrived as backup. Together, the three officers arrested Goné and Alejandro. The entire incident was recorded on Officer Smith's dashcam video, and portions of the incident were recorded on Alejandro's cell phone camera. *See Scott v. Harris*, 550 U.S. 372, 378–81 (2007) (instructing courts to view the facts in light of such video footage).

On March 14, 2016, Plaintiffs' counsel filed a complaint under 42 U.S.C. § 1983 against the City of Pasadena and Officers Smith, Salazar, and Thornton. The complaint named as Plaintiffs both Goné and Alejandro—notwithstanding the fact that Goné died in an unrelated car accident approximately seven months before the complaint was filed.

On March 14, 2017, the district court partially granted Defendants' motion to dismiss. It dismissed the bulk of Plaintiffs' claims. But it allowed

No. 18-20373

claims to proceed against: (1) Officer Smith for using excessive force on Goné; and (2) all three officers for unlawfully arresting Alejandro.

On December 10, 2017, Plaintiffs' counsel amended the complaint to properly assert survival claims by Sylvia Hernandez on behalf of Goné's estate. The district court, however, granted Defendants' motion for summary judgment. It held (1) the estate's survival claim was untimely, and (2) the failure of Plaintiffs' counsel to respond to requests for admission doomed Alejandro's claim.

## II.

We start with the statute of limitations for the survival claim brought by Goné's estate. Section 1983 does not contain a limitations period. So we turn to the "appropriate" state statute of limitations. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015). It is undisputed that the appropriate statute provides a two-year limitations period for personal-injury claims. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). That limitations period is suspended for one year upon a person's death. *Id.* § 16.062(a). We also look to Texas law to determine who has standing to bring a survival action within the limitations period. *Pluet v. Frasier*, 355 F.3d 381, 383–84 (5th Cir. 2004).

Goné's claim accrued on April 19, 2014, the date of the incident. *See King-White*, 803 F.3d at 762. Goné died on August 2, 2015. At that point, Goné had used 470 days of the two-year limitations period. So 260 days remained upon her death. Her death suspended the limitations period for one year. *See* TEX. CIV. PRAC. & REM. CODE § 16.062(a). One year from Goné's death was August 2, 2016. Adding the 260 remaining days yielded a new deadline of April 19, 2017.

Plaintiffs' counsel did not properly add a survival claim until December 11, 2017—almost eight months too late. On that date, counsel filed an amended complaint. It included a survival claim by Sylvia Hernandez, who allegedly

sued "as the administratix [sic] as ordered in Probate Court No. 1 on behalf of the estate of Sylvia Gone' [sic], decedent." Plaintiffs' Second Amended Original Complaint ¶ 1. Hernandez's claim therefore is time-barred unless she can point to some exception to the limitations period.

The cases and rules cited by the parties discuss four possible exceptions. Some sound in Texas law, while others sound in the Federal Rules of Civil Procedure. The Supreme Court has recognized that when a Federal Rule of Civil Procedure conflicts with state law, the federal rule controls. *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010); *Hanna v. Plumer*, 380 U.S. 460 (1965). We need not decide whether such a conflict exists here because neither state law nor federal law rescues Hernandez's claims.

First, Hernandez cannot benefit from the so-called *Lovato-Lorentz* exception. In a pair of cases decided on the same day, the Supreme Court of Texas held a plaintiff timely sued on behalf of the estate by filing before the end of the limitations period—even though the plaintiff gained capacity to represent the estate only after limitations ran. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 852–53 (Tex. 2005); *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (Tex. 2005). Here, however, Hernandez did not sue on behalf of Goné's estate before the limitations ran.

Second, Hernandez cannot rely on Texas cases allowing a plaintiff to change her capacity after filing suit. *See, e.g.*, *Lovato*, 171 S.W.3d at 852 (compiling cases); *Davis v. Preston*, 16 S.W.2d 117, 117–18 (Tex. 1929); *Pope v. Kansas City, M. & O. Ry. Co. of Tex.*, 207 S.W. 514, 515 (Tex. 1918). Under this change-of-capacity exception, the statute of limitations will not bar a claim when a plaintiff timely files a complaint in "her individual capacity" but changes the suit "to her representative capacity as administrator of an estate" after the limitations period has expired. *Flores v. Cameron Cty.*, 92 F.3d 258,

273 (5th Cir. 1996). But for this exception to apply, the relevant plaintiff (here, Hernandez) must sue *before* the limitations period expired. *Ibid.*

For example, in *Covington v. Sisters of Charity of Incarnate Word*, 179 S.W.3d 583 (Tex. App.—Amarillo 2005, pet. denied), the decedent's sister filed a lawsuit "individually and on behalf of her deceased brother." *Id.* at 587. But she made no contention that she "was the personal representative of [her brother's] estate" or "that she ever . . . had capacity to bring a survival action." *Ibid.* The decedent's daughter administered the estate, but counsel added the daughter to the lawsuit only after the limitations period expired. *Ibid.* The court held that the statute of limitations barred the daughter's claims. *Id.* at 589.

Similarly, in *Armes v. Thompson*, 222 S.W.3d 79 (Tex. App.—Eastland 2006, no pet.), a lawyer filed a lawsuit naming Armes as the plaintiff even though Armes had died from an illness unrelated to the lawsuit. *Id.* at 81. The court declined to "treat the original petition filed in Armes's name individually as if it was filed on behalf of Armes's estate." *Id.* at 84. Instead, the court held that the original pleading "was a nullity." *Ibid.* This meant that a subsequent attempt to add Armes's estate administrator to the lawsuit could not relate back to the original filing date of the lawsuit, and the estate's claims were time-barred. *Id.* at 84–85 (citing Texas's relation-back statute, Tex. Civ. Prac. & Rem. Code § 16.068).

Hernandez cannot meet this change-of-capacity exception. Hernandez—the estate's representative—sued more than three years after Goné's claim accrued. At that point, the limitations period had expired. Under the rationale of *Covington* and *Armes*, her claims are barred by the statute of limitations.

Third, Hernandez runs into a different problem by invoking Federal Rule of Civil Procedure 15(c)(1)(B). That rule says an amendment to a pleading relates back to the date of the original pleading if it "asserts a claim or defense

that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." But we have held Rule 15 cannot be used to cure a jurisdictional defect. *See, e.g.*, *Fed. Recovery Servs. Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("Rule 15 does not permit a plaintiff [to] amend[] its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction."); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("[I]f Aetna did not have the ability to bring the suit . . . it could not amend."); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. Unit A Mar. 1981) (holding that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs"). That makes sense given the long-settled rule that we assess jurisdiction at the time the suit was filed. *See, e.g.*, *Davis v. FEC*, 554 U.S. 724, 734 (2008).

When Plaintiffs' counsel filed this suit, Goné did not have standing to sue because she was deceased. *See Lovato*, 171 S.W.3d at 850 (noting that if "the decedent lived, she would have had standing"); *Armes*, 222 S.W.3d at 85 (holding that "[b]ecause Armes passed away before this suit was filed, she did not have standing to assert a claim"). Instead, the estate had standing to sue. *See Lovato*, 171 S.W.3d at 850 (holding that after a decedent's death the "estate has a justiciable interest in the controversy"); *Armes*, 222 S.W.3d at 83 ("The estate is distinct from the individual."). But no one purported to press the estate's claims in the original complaint. If Hernandez had been a plaintiff in the original, timely filed complaint, perhaps she could have amended the complaint to change her capacity after the limitations period expired. *See Flores*, 92 F.3d at 273; *Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689

F.2d 1251, 1253–54 (5th Cir. 1982).† But in this case, the original complaint simply listed Goné as a plaintiff, even though she had already passed away. Our precedents do not allow Hernandez to use Rule 15 to go back in time to cure this jurisdictional defect.

Fourth and finally, Federal Rule of Civil Procedure 17(a) does not help Hernandez. Plaintiffs devote barely one-and-a-half sentences to Rule 17 in their opening brief, so the argument is likely forfeited. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008).

In all events, it is meritless. Rule 17(a) states that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." We have held that Rule 17(a) is applicable "only when the plaintiff" has committed an "understandable mistake, because the determination of the correct party to bring the action is difficult." *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). We do not think representing an attorney-client relationship with a deceased client constitutes an "understandable" mistake. *See In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014) (noting that "Rule 17 was not promulgated to allow lawyers to file placeholder actions . . . to keep a limitations period open while they investigate their claims and track down the proper parties").

---

† *Tidewater* suggested in dicta that a plaintiff without standing theoretically could be swapped out for a plaintiff with standing after expiration of the limitations period. *See* 689 F.2d at 1253–54. That closing bit of dicta was obviously unnecessary for the court's holding—namely, that dismissal was proper because the plaintiff lacked standing. *Id.* at 1253. In all events, it cannot be read to contradict our unequivocal statement in *Federal Recovery Services, Inc.*: "Rule 15 does not permit a plaintiff [to] amend[] its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction." 72 F.3d at 453.

No. 18-20373

III.

We now turn to Alejandro's claims for unlawful arrest. Here too litigation missteps doom the claims.

Federal Rule of Civil Procedure 36(a)(1)(A) allows parties to serve requests for admissions concerning the truth of matters relating to "facts, the application of law to fact, or opinions about either." Rule 36(a)(3) states that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." And Rule 36(b) further provides that a "matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

Here, Alejandro failed to respond to Defendants' requests for admissions. Requests 4 through 12 asked Plaintiffs to admit, in essence, that they did not have any evidence establishing that every reasonable officer would have been on notice that the conduct of Officers Smith, Salazar, and Thornton was unlawful. Alejandro argues that these requests were improper because they impermissibly deal with pure questions of law. But that characterization is incorrect. Defendants' requests for admissions relate to "the application of law to fact," as permitted by Rule 36(a)(1)(A), because they ask whether Alejandro has evidence to overcome qualified immunity. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (noting that an officer is entitled to qualified immunity unless every reasonable official would have understood that the conduct was unconstitutional). Although the requests go to the ultimate question of Defendants' liability, nothing in the text of Rule 36 prohibits such requests. *See In re Carney*, 285 F.3d 415, 419 (5th Cir. 2001) ("Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact."). Our Court has previously upheld the

use of Rule 36 admissions to defeat plaintiffs' claims. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

After Plaintiffs missed the deadline to respond to Defendants' requests for admissions, they filed a motion to withdraw their deemed admissions. The district court granted the motion, giving Alejandro another chance to respond to Defendants' requests. But *even then*, she never responded. Thus, the court correctly deemed that Alejandro admitted to the matters contained in the requests, which makes them "conclusively established." FED. R. CIV. P. 36(b). Because Alejandro admits that she cannot carry her burden to overcome qualified immunity, Defendants are entitled to summary judgment on her § 1983 claims. *See King v. Handorf*, 821 F.3d 650, 653–54 (5th Cir. 2016).

*    *    *

At the conclusion of its summary-judgment order, the district court "expresse[d] sympathy for Ms. Hernandez and for Ms. Alejandro insofar as the dismissal of their claims is not a product of anything that they themselves have done or failed to do." We agree with that sentiment. Unfortunately for the Plaintiffs, counsel's mistakes below carry serious consequences that cannot be cured on appeal. AFFIRMED.