**Judy DAVIS, Appellant,**

v.

**OUTDOOR EQUIPMENT COMPANY, a partnership, Appellee.**

No. 16852.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 24, 1977.

Gripp, Walden & McClure, John A. Barker, Houston, for appellant.

Edward L. Lasof, Houston, for appellee.

PEDEN, Justice.

Judy Davis, plaintiff in a personal injury suit, appeals from the granting of a directed verdict to defendant Outdoor Equipment Company, a partnership, based on its limitations plea. The plaintiff sued Outdoor Equipment Company, a corporation, and took a default judgment against it. The partnership was never named or served, and first became a party when it voluntarily entered an appearance 56 days after the two-year statute of limitations had run. The trial court made an unchallenged finding that the two companies have no relationship with each other.

The only legal issue presented by this appeal is whether the statute of limitations was tolled as to the partnership by appellant's original filing of suit against the corporation and the partnership's subsequent voluntary appearance. The general rule on the interruption of the statute of limitations is that a party must file suit and use diligence in procuring the issuance and service of citation. *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180 (Tex.1970). Appellant filed suit against an existing entity and tolled the running of the statute against that corporation; however, she never did sue the partnership, and it did not become a party to this action until it voluntarily answered after limitations had run. The date of the original filing does not toll the statute as to a new and different party. *First State Bank & Trust Co. of Rio Grande City v. Ramirez*, 133 Tex. 178, 126 S.W.2d 16, 18 (1939); *Callan v. Bartlett Electric Co-operative, Inc.*, 423 S.W.2d 149, 156 (Tex.Civ.App. 1968, writ ref., n.r.e.); 37 Tex.Jur.2d 278, Limitation of Actions § 118.

Appellant contends that Texas Rules of Civil Procedure 120 and 121, which provide that a defendant's voluntary appearance dispenses with the need for service of process, bring the partnership within the original filing date. These rules, however, do not correct the appellant's initial failure to make the partnership a party defendant.

The three cases cited in appellant's brief are inapplicable in this fact situation. *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816 (1950), involved a single defendant who was sued in two separate capacities. The other two cases are misnomer situations in which the plaintiffs brought actions against the true defendants but used incorrect names. *Callan v. Bartlett Electric Co-operative, Inc.*, 423 S.W.2d 149 (Tex.Civ.App.1968, writ ref., n.r.e.); *Pickering Mfg. Co. v. Gordon*, 168 S.W. 14 (Tex. Civ.App.1914, no writ).

Affirmed.