**TIDEWATER MARINE TOWING, INC., et al., Plaintiffs-Appellees,**

v.

**DOW CHEMICAL CO., INC., et al., Defendants,**

**Debra Ann Vicknair, Claimant-Appellant.**

No. 82–3072
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 28, 1982.

Daniel E. Becnel, Reserve, La., for claimant-appellant.

Gelpi, Sullivan, Carroll & Laborde, Cliffe F. Laborde, New Orleans, La., for plaintiffs-appellees.

Before BROWN, GEE and RUBIN, Circuit Judges.

PER CURIAM:

On September 4, 1979, the M/V WHITEFACE struck a high-pressure gas pipeline in Lake Verret (Louisiana). A resulting explosion killed Daniel Dupre, a crewman aboard the vessel. Pursuant to Rule 9(h), Fed.R.Civ.P., and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims, the appellees (collectively referred to as "Tidewater"), owners and operators of the M/V WHITEFACE, filed an action seeking exoneration or a finding of limited liability. In accordance with the above-stated rules, this action listed appellant Vicknair as a possible claimant.

On August 27, 1980, Vicknair filed a complaint in the limitation action. Appellant pleaded that as the common-law wife of decedent Dupre she was entitled under general maritime law to damages for his wrongful death. Tidewater moved for summary judgment on the basis that Vicknair, as a matter of law, was not entitled to recover for the death of her common-law spouse. The district court granted the motion and certified for appeal the issue of whether a common-law wife in Louisiana

can assert a wrongful death claim under general maritime law. Fed.R.Civ.P. 54(b).

The sole issue on appeal is the propriety of the district court's grant of summary judgment. Summary judgment is proper only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party opposing the motion has the burden of producing evidence of a genuine issue of material fact. That party must come forth with more than mere allegations or denials to preclude judgment. It is against this background that we have examined the present record.

Appellant's complaint and brief on appeal assert that she is the common-law wife of the decedent and is thus entitled to damages under general maritime law for his wrongful death. We need not reach this issue, for we find that the appellant has not asserted the requisite standing to bring suit under general maritime law. Accordingly, we affirm the decision of the district court.

In *Moragne v. States Marine Line, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), the Supreme Court created a nonstatutory action for wrongful death under the general maritime law. The Court neither specified the class of beneficiaries entitled to recover under this remedial action nor the procedural requirements to be utilized. It did, however, make clear that the action was to be interpreted against the existing background of federal statutory law in the field. *Id.* at 408, 90 S.Ct. at 1791.

Within this directive, in *Futch v. Midland Enterprises, Inc.,* 471 F.2d 1195 (5th Cir. 1973), we held that the threshold issue in bringing a *Moragne*-type suit is one of standing, which can be met only by the decedent's legal representative:

We note at the outset that we do not decide who would be a beneficiary of a properly brought *Moragne*-type action. While the *Moragne* Court did not speak directly to this precise question at hand, its opinion did set out certain principles as guides for the inferior federal courts in developing this new area of the General Maritime Law. Apropos to the instant issue, the opinion indicates, in the context of discussing the proper delineation of the class of beneficiaries who are entitled to recover under this new federal maritime cause of action, that the expressions of Congress in the Death on the High Seas Act, the Jones Act, and the Longshoremen's and Harbor Workers' Compensation Act provided persuasive analogies from which the lower courts may borrow. If anything, those Acts are even more persuasive on the precise point at issue in this case—standing. The statutes speak with one voice; each requires the personal representative or legal representative of the decedent to bring the action. This clear expression of Congressional intent mandates that this *Moragne*-type action should be governed by the same rule.

*Id.* at 1195–96 (footnotes omitted). *See also Ivy v. Security Barge Lines, Inc.,* 585 F.2d 732 (5th Cir. 1978), *modified on other grounds,* 606 F.2d 524 (5th Cir. 1979) (en banc), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 815 (1980). Therefore, appellant's assertion that she is decedent's common-law widow misses the essential point. The relevant inquiry under *Futch* is whether appellant is decedent's personal representative. Absent such a showing, a *Moragne* action cannot, in the first instance, be maintained. Consequently, until a personal representative is appointed by appropriate state authority, neither the District Court nor this Court may decide whether appellant is a beneficiary.

To this extent, we, in effect, approve the judgment of the District Court dismissing the claim. But this affirmance does not cut off the right of parties seeking recovery for the death of *DANIEL DUPRE* to obtain appointment of a personal representative and, thereafter, the filing by such personal representative of an amended claim growing out of the death of *DANIEL DUPRE* in the limitation of liability proceeding.

Substitution of the personal representative is essential and authorized. *Ivy v. Security Barge Lines, Inc.,* 585 F.2d at 734–5. Substitution of the personal representa-

tive in place of the surviving parent is not the commencement of a new suit. *Missouri, K., & T. Ry. Co. v. Wulf,* 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913). The filing of the amended complaint (claim) relates back to the time of the original complaint (claim). Fed.R.Civ.P. 15(c). · *Williams v. United States,* 405 F.2d 234, 236–7 (5th Cir. 1968); *Longbottom v. Swaby,* 397 F.2d 45, 48, nn.6, 7 (5th Cir. 1968); *Staren v. American Nat. Bank & Tr. Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir. 1976); *Welch v. Louisiana Power & Light Company,* 466 F.2d 1344, 1345 n.3 (5th Cir. 1972); *Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244, 1249 (5th Cir. 1976). There can be no question of notice to the adversary since Tidewater's Petition for Limitation of Liability set forth the details of the casualty and listed Vicknair as a possible claimant for the death of Daniel Dupre.

AFFIRMED and REMANDED.