IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10545
Summary Calendar
_____

PEDRO GOMEZ,

Plaintiff-Appellant,

versus

EASTLAND COUNTY, TEXAS; DAWN BECKETT,
Deputy Jail Administrator; BOB RICHARDSON,
Sheriff;

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:95-CV-111
- - - - - - - - - - -
April 13, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pedro Gomez filed the present civil rights complaint against Sheriff Ronnie B. White, Deputy Jail Administrator Dawn Beckett, and Eastland County, Texas, alleging that the defendants failed to provide adequate medical care in violation of the Eighth Amendment. The parties consented to have the magistrate judge conduct the proceedings. The defendants filed a motion for summary judgment, arguing that the statute of limitations had

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

run.  Gomez did not respond to that motion within the time allowed. On April 11, 1997, the magistrate granted summary judgment in favor of the defendants.  On April 14, 1997, Gomez filed a motion to extend time to respond to the motion for summary judgment.  The magistrate denied this motion as moot. Gomez appeals.

First, Gomez argues that the magistrate abused his discretion in denying Gomez's motion for an extension of time for filing a response to the defendants' motion for summary judgment. The magistrate warned Gomez that no extensions would be granted, and Gomez's motion for an extension was not filed until after the magistrate had issued his final judgment granting the defendants' motion for summary judgment.  The magistrate did not abuse his discretion in denying Gomez's motion as moot.  See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995); Farias v. Bexar County Bd. of Trustees, 925 F.2d 866, 873 (5th Cir. 1991); Fed. R. Civ. P. 6(b).

Next, Gomez argues that the applicable two-year statute of limitations was tolled by Tex Civ. Prac. & Rem. Code Ann. § 16.001 (West 1986) due to his alleged serious physical medical problems.  Our review is limited to plain error because Gomez did not raise this issue in the district court.  See Douglass v. United Serv. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Gomez complained of problems with his eyes and stomach. His physical medical conditions do not fall within the meaning of "unsound mind" under § 16.001.  His conditions did not toll the statute of limitations.

Finally, Gomez argues that the instant complaint should relate back to the filing of a previous § 1983 complaint against Don Wiley, patrolman with the Cisco, Texas, Police Department. Once again, our review is limited to plain error because Gomez raises this issue for the first time in this appeal. <u>See</u> <u>Douglass</u>, 79 F.3d at 1428. The rule allowing relation back applies to amendments, not to separate complaints. <u>See</u> Fed. R. Civ. P. 15(c); <u>cf.</u> <u>Tidewater Marine Towing, Inc. v. Dow Chem.</u> <u>Co.</u>, 689 F.2d 1251, 1253-54 (5th Cir. 1982). The present action is the product of a separate complaint against new defendants. It is subject to the two-year statute of limitations. That period expired before Gomez filed his complaint.

The judgment is AFFIRMED.