

# NUMBER 13-20-00484-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUANA LAGUNA AND JOANNA GONZALEZ
ACEVEDO, AS ADMINISTRATOR OF THE
ESTATE OF REGINO GONZALEZ JR.,                    Appellants,

v.

RAYMOND R. FULP III, D.O. AND
RAY FULP ORTHOPEDICS, PA,                         Appellees.

On appeal from the 92nd District Court
of Hidalgo County, Texas.



# NUMBER 13-20-00487-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUANA LAGUNA AND JOANNA GONZALEZ
ACEVEDO, AS ADMINISTRATOR OF THE
ESTATE OF REGINO GONZALEZ JR.,                    Appellants,

v.

ROBERT C. FOUNTILA, D.O.,                              Appellee.

## On appeal from the 92nd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

These two appeals arise from a medical malpractice suit brought on behalf of

Regino Gonzalez Jr. (Regino). Appellant Juana Laguna, Regino's mother, sued several

individuals and entities, including appellees Robert C. Fountila, D.O.,[1] Raymond R. Fulp III, D.O., and Ray Fulp Orthopedics, PA (RFO),[2] arguing that appellees provided negligent care and failed to diagnose cancer in Regino's leg. During the pendency of the case, Regino tragically succumbed to his illness at the age of twenty-one. Appellant Joanna Gonzalez Acevedo, Regino's sister and the administrator of his estate, was then added as a plaintiff, and the plaintiffs amended their pleadings to incorporate wrongful death and survival claims. Appellants argue by one issue in a consolidated brief that the trial court erred by granting summary judgment to appellees and dismissing the suit on limitations grounds. We reverse and remand.

## I. BACKGROUND

In her original petition filed on March 5, 2013, Laguna[3] alleged that appellees negligently treated a fracture in Regino's left femur, which he suffered "spontaneously while he was engaged in routine movement" on December 23, 2010. Specifically, she argued appellees treated the fracture by surgically inserting an intermedullary rod but failed to diagnose the injury as a pathological fracture caused by osteosarcoma, an aggressive malignant bone tumor. Laguna further contended that the insertion of the rod resulted in the cancer spreading throughout Regino's leg and, ultimately, amputation of the limb in May of 2011. On September 24, 2013, Laguna filed an amended petition stating that Regino "reached the age of majority" and naming him as an additional plaintiff.

---

[1] The claims against Fountila, a radiologist, are at issue in appellate cause number 13-20-00487-CV.

[2] The claims against Fulp, an orthopedic surgeon, and RFO are at issue in appellate cause number 13-20-00484-CV. We refer to these defendants collectively as Fulp.

[3] Laguna filed the original petition in her individual capacity and as next friend of Regino, who was a minor at the time of filing. Regino's father was also named as a plaintiff in the original petition, but was not named as a plaintiff in any of the amended petitions.

The original and first amended petition both sought damages for Regino's past and future physical pain and mental anguish, loss of earning capacity, disfigurement, physical impairment, and medical care. The petitions also requested exemplary damages, alleging that appellees' actions were grossly negligent. Further, both petitions stated that Regino's parents, in their individual capacity, are "entitled to recover for medical care expenses incurred in the past and the future and loss of services of the minor child."

Both petitions asserted that a "Pre-Suit Notice of Claim" under Texas Civil Practice and Remedies Code Chapter 74 "has been given to the Defendants sixty (60) days prior to the filing of this lawsuit." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a).

Regino died on March 25, 2017. On November 26, 2018, Acevedo filed a "Suggestion of Death" stating that Acevedo had been appointed administrator of Regino's estate and requesting that Regino's lawsuit proceed in Acevedo's name in her capacity as administrator. *See* TEX. R. CIV. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."). On December 14, 2018, appellants filed a second amended petition explaining that the cancer in Regino's leg had metastasized to his lungs and caused his death. The second amended petition added Acevedo as a plaintiff solely in her capacity as administrator of Regino's estate. *See id.* It alleged a survival action on behalf of the estate as well as a wrongful death claim on behalf of Laguna. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002 (wrongful death), 71.021 (survival claim).

Fountila filed a motion for summary judgment on June 25, 2019, arguing that the second amended petition asserted "two entirely new claims"—i.e., the survival action and

4

the wrongful death claim—which were barred by limitations. Fulp and RFO filed a motion for summary judgment on August 21, 2019, making largely the same arguments as Fountila. Appellees filed responses to the motions.

On October 8 and 9, 2020, the trial court signed orders granting summary judgment in favor of appellees, dismissing all claims against them, and severing their claims into new cause numbers. These appeals followed.[4]

## II. DISCUSSION

### A. Standard of Review

A movant for traditional summary judgment has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *see* TEX. R. CIV. P. 166a(c).

We review summary judgments de novo. *Amedisys*, 437 S.W.3d at 511. Because the trial court did not specify the basis for the ruling, we must affirm the judgment if any theory advanced in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). But we may not affirm the judgment on grounds not raised in the motion or response. *Henkel v. Norman*, 441 S.W.3d 249, 251 n.1 (Tex. 2014) (quoting *Stiles v.*

---

[4] In an original proceeding arising out of the same trial court proceedings, we conditionally granted mandamus relief to defendants McAllen Hospitals, L.P. d/b/a McAllen Medical Center, South Texas Health System, and McAllen Medical Center, Inc. *In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272, at *8 (Tex. App.—Corpus Christi–Edinburg May 22, 2020, orig. proceeding) (mem. op.) (directing the trial court to rule on relators' motions to dismiss and for summary judgment). Those defendants are not parties to this appeal.

*Resolution Tr. Corp.*, 867 S.W.2d 24, 26 (Tex. 1993) ("[W]e hold that a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response.")).

**B.      Analysis**

In their motions for summary judgment, appellees argued that appellants' claims are barred by the statute of limitations contained in Chapter 74 of the Texas Civil Practice and Remedies Code, which states:

> Notwithstanding any other law and subject to Subsection (b),[5] no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a).[6] Chapter 74 also provides that, if a claimant provides pre-suit notice as contemplated in § 74.051, the limitations period will be tolled for "a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties." *Id.* § 74.051(c).

Appellees contended that "Regino's death extinguished any common law cause of

---

[5] Subsection (b), which is not applicable here, provides:

A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(b).

[6] Appellants do not dispute that this statute controls over § 16.003(b), which is the statute of limitations otherwise applicable to wrongful death claims. *See id.* § 74.251(a) ("Notwithstanding any other law . . . ."); *id.* § 74.001(a)(13) (defining "health care liability claim" as "a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract"); *see also id.* § 16.003(b) (providing that the limitations period for wrongful death claims generally expires two years after the injured person's death); *Kimbrell v. Molinet*, 288 S.W.3d 464, 468 (Tex. App.—San Antonio 2008) (holding that, when a wrongful death claim is also a health care liability claim, § 74.251 controls over § 16.003(b)), *aff'd*, 356 S.W.3d 407 (Tex. 2011).

6

action that he may have had" and that his only viable claims were under the wrongful death and survival statutes. *See id.* §§ 71.002, 71.021. Appellees further argued that limitations on those claims—first brought in the second amended petition on December 14, 2018—expired on March 9, 2013 (for Fountila), and May 1, 2013 (for Fulp), despite the fact that Regino was still alive in 2013. Appellees cited *Durham v. Children's Medical Center of Dallas*, in which the Dallas court of appeals held:

> Limitations on a wrongful death action based on negligent health care is not tolled or extended because the decedent was a minor. . . . This means that an action for the wrongful death of a child who lives more than two years after a prenatal injury will as a rule be barred by limitations, but the same result ensues when the decedent is an adult. . . . While there are circumstances when this result will seem harsh, it is well within the Legislature's prerogative to prescribe the limitations period for a wrongful death claim which, it must be remembered, did not exist at common law and is a creature of statute.

88 S.W.3d 485, 494 (Tex. App.—Dallas 2016, pet. denied) (quoting *Brown v. Shwarts*, 968 S.W.2d 331, 334 (Tex. 1998)); *see Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995) ("A wrongful death plaintiff suing on a medical negligence theory . . . does not necessarily have two full years from the time of death to bring a lawsuit. Rather, the statute of limitations expires at the same time it would have for the decedent, two years after the alleged negligence occurred."). Appellees further argued that the survival claim was untimely because Acevedo had not qualified as administrator of Regino's estate within one year after his death. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.062 ("(a) The death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death. (b) If an executor or administrator of a decedent's estate qualifies before the expiration of the period provided by this section, the statute of limitations begins to run at the time of the qualification.").

7

In their responses, appellants argued in part that their wrongful death and survival claims were timely because those claims "related back" to their original personal injury claim brought on March 5, 2013. The relation-back doctrine is codified in Texas Civil Practice and Remedies Code § 16.068, which states:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.* § 16.068.

We agree with appellants that, for limitations purposes, the claims made in the second amended petition related back to the claims made in the original petition. At the trial court, it was undisputed that Laguna's original personal injury claim was "not subject to a plea of limitation" when it was filed, because it was "commenced" within two years and seventy-five days from "the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim." *See id.* §§ 74.051(c), 74.251(a). Appellants' second amended petition omitted the personal injury claim and, in lieu thereof, asserted wrongful death and survival claims (the new claims). However, the new claims are obviously not "wholly based on a new, distinct, or different transaction or occurrence." *See id.* § 16.068. Instead, the new claims are based on exactly the same allegedly negligent behavior—insertion of the intermedullary rod and failure to diagnose cancer—as the original claims. The second amended petition may have "change[d] the facts or grounds of liability" to reflect the circumstance of Regino's death, but it did not

8

alter the "transaction or occurrence" upon which the suit was based. *See id.*[7] Accordingly, the relation-back doctrine applies.

In their briefs, appellees[8] contend that the relation-back doctrine does not apply to appellants' claim for several reasons, none of which were raised before the trial court. First, they assert that Laguna's pre-suit notice letter did not toll limitations for seventy-five days under § 74.051(c) because the letter was "not provided to any defendant by the parents in their individual capacities"; instead, the letter stated that the plaintiffs were "advancing a claim on behalf of [Regino] in their capacity as parents and next friends."[9] Therefore, according to appellees, Laguna's original personal injury claim was untimely because it was not filed within two years of the accrual of the cause of action. *See id.* §§ 74.051(c), 74.251(a). Second, appellees argue "there is no doubt but that the wrongful death claim is a separate and distinct claim from the claims originally asserted by" Laguna. They observe that, in her original petition, Laguna sought "future medical expenses and also loss of her son's services" but "is no longer seeking such damages."

---

[7] Appellees did not address the relation-back doctrine in their summary judgment motions.

[8] Both appellees state in their respective briefs that they are "adopting and incorporating by reference" the "arguments and authorities" contained in the other appellee's brief. Thus, although the arguments made in the briefs are not identical, we attribute all arguments in both briefs to both appellees.

[9] The notice letter apparently stated in relevant part:

I represent Juana Laguna and Regino Gonzalez, Sr., the parents of, Regino Gonzalez, Jr., a minor child. The parents are advancing a claim on behalf of Regino Gonzalez, Jr. in their capacity as parents and next friends as set out in Rule 44 of the Texas Rules of Civil Procedure. The claim is a health care liability claim for medical negligence against you.

. . . .

You are given notice pursuant to Texas Civil Practice & Remedies Code ("CPRC") § 74.051 that a health care liability lawsuit will be filed against you after sixty (60) days from this Notice.

Although a copy of this letter, dated December 17, 2012, appears in the clerk's record, it does not appear to have been attached to any of the summary judgment pleadings. We assume, but do not decide, that the letter is part of the summary judgment record.

9

Relatedly, appellees assert that Laguna's claim in her individual capacity for "loss of consortium" was "the only timely-filed claim" but was "extinguished" when Regino died. *See Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997) ("At common law, no personal injury cause of action survived to a deceased tort victim's heirs, and the heirs had no claim for their own losses resulting from the tortious act."). Finally, appellees contend that the relation-back doctrine does not apply to the survival claim because the second amended petition added Acevedo as a party, and the addition of Acevedo "did not cure the lack of the timely-filed party's lack of capacity."

The summary judgment motions argued that appellants' claims are barred by limitations, but as noted, neither motion raised any argument addressing the relation-back doctrine. Accordingly, we may not affirm the judgment on the grounds that the relation-back doctrine does not apply. *See Henkel*, 441 S.W.3d at 251 n.1; *see also* TEX. R. CIV. P. 166a(c).

Even if these arguments were preserved in appellees' summary judgment pleadings, we would not find them availing. First, as to the pre-suit notice letter, neither appellee argued in their answer or in any other pleading that Laguna's original petition was barred by limitations, either because her notice letter was insufficient to invoke the § 74.051(c) tolling provision, or for any other reason. That affirmative defense was therefore waived and could not have served as a legitimate basis for summary judgment. *See* TEX. R. CIV. P. 94 (providing that affirmative defenses such as limitations must be pleaded or are waived). In any event, the seventy-five-day tolling period under § 74.051(c) applies to "all parties and potential parties." TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c). Thus, for tolling purposes, it is irrelevant that the letter indicated suit would

10

be brought on Regino's behalf rather than by the "parents in their individual capacities."

Second, appellees are incorrect that the wrongful death and survival claims do not relate back merely because they requested a different type of damages or because they omitted a claim for loss of consortium. The relation-back statute explicitly applies to *any* amended or supplemental pleading, as long as the original pleading was timely, and as long as the new pleading is not "wholly based on a new, distinct, or different transaction or occurrence." TEX. CIV. PRAC. & REM. CODE ANN. § 16.068; *see Leonard v. Texaco, Inc.*, 422 S.W.2d 160, 163 (Tex. 1967) ("Unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading, the latter having declared upon a cause of action not then barred, it is immaterial that the cause of action alleged in the amended pleading be different from the cause of action originally alleged." (quoting *Glob. Corp. v. Vincent*, 295 S.W.2d 640, 642 (Tex. 1956))); *Meisler v. Republic of Tex. Sav. Ass'n*, 758 S.W.2d 878, 882 (Tex. App.—Houston [14th Dist.] 1988, no writ). As noted above, appellants' second amended petition is based on the same "transaction or occurrence" as the original petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. Thus, the amended pleading relates back to the original pleading, regardless of whether a new type of damages was sought or a new cause of action was asserted.

Finally, we disagree that the second amended petition's addition of Acevedo as a party, in her capacity as administrator of Regino's estate, rendered the survival claim untimely. Appellees cite *Hernandez v. Smith*, which concerned a federal civil rights suit under 42 U.S.C. § 1983. 793 Fed. App'x 261 (5th Cir. 2019) (per curiam). In that case, police stopped Sylvia Goné for making an illegal U-turn. *Id.* at 263. Goné and her passenger Esmerelda Alejandro sued the City of Pasadena and several police officers,

11

alleging that the officers mistreated them after the traffic stop. *Id.* The suit was filed within two years of the incident. *Id.* However, the complaint named both Goné and Alejandro as plaintiffs, "notwithstanding the fact that Goné died in an unrelated car accident approximately seven months before the complaint was filed." *Id.* Later, the petition was amended to delete Goné as a plaintiff and to instead allege a survival claim on her behalf by the administrator of her estate, Sylvia Hernandez. *Id.* The federal Fifth Circuit Court of Appeals held:

> Goné's claim accrued on April 19, 2014, the date of the incident. At that point, Goné had used 470 days of the two-year limitations period. So 260 days remained upon her death. Her death suspended the limitations period for one year. One year from Goné's death was August 2, 2016. Adding the 260 remaining days yielded a new deadline of April 19, 2017.
>
> Plaintiffs' counsel did not properly add a survival claim until December 11, 2017—almost eight months too late. . . . Hernandez's claim therefore is time-barred unless she can point to some exception to the limitations period.

*Id.* at 263–64 (internal citations omitted).

The *Hernandez* court then considered three such "exception[s] to the limitations period" which may potentially apply.[10] First, a plaintiff may timely sue on behalf of an estate by filing before the end of the limitations period, even if the plaintiff "gained capacity to represent the estate only after limitations ran." *Id.* at 264 (first citing *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 852–53 (Tex. 2005); and then citing *Lorentz v. Dunn*, 171 S.W.3d 854, 856 (Tex. 2005)). This exception did not apply because Hernandez "did not

---

[10] In addition to the potential exceptions discussed here, the court also considered Federal Rule of Civil Procedure 17(a), which allows a trial court to "dismiss an action for failure to prosecute in the name of the real party in interest" only under certain circumstances. *Hernandez v. Smith*, 793 Fed. App'x 261, 266 (5th Cir. 2019). The court concluded that this rule did not render Hernandez's survival claim timely. *Id.* (noting that Rule 17(a) precludes dismissal "only when the plaintiff has committed an understandable mistake, because the determination of the correct party to bring the action is difficult," and concluding that "representing an attorney-client relationship with a deceased client" is not an "understandable" mistake).

sue on behalf of Goné's estate before the limitations ran." *Id.*

Second, under Texas law, "the statute of limitations will not bar a claim when a plaintiff timely files a complaint in 'her individual capacity' but changes the suit 'to her representative capacity as administrator of an estate' after the limitations period has expired." *Id.* (first citing *Lovato*, 171 S.W.3d at 852; then citing *Davis v. Preston*, 16 S.W.2d 117, 117–18 (Tex. 1929); and then citing *Pope v. Kansas City, M. & O. Ry. Co. of Tex.*, 207 S.W. 514, 515 (Tex. 1918)). Again, the court concluded that this exception did not apply "because Hernandez—the estate's representative—sued more than three years after Goné's claim accrued." *Id.* (first citing *Flores v. Cameron County*, 92 F.3d 258, 273 (5th Cir. 1996); then citing *Armes v. Thompson*, 222 S.W.3d 79, 84 (Tex. App.— Eastland 2006, no pet.); and then citing *Covington v. Sisters of Charity of Incarnate Word*, 179 S.W.3d 583, 587 (Tex. App.—Amarillo 2005, pet. denied)).

Third, the *Hernandez* court considered whether Hernandez's claim was timely under the federal relation-back rule. Similar to the Texas statute, the federal rule provides: "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." FED. R. CIV. P. 15(c)(1)(B). The court held:

> Rule 15 cannot be used to cure a jurisdictional defect. *See, e.g., Fed. Recovery Servs. Inc. v. United States*, 72 F.3d 447, 453 (5th Cir. 1995) ("Rule 15 does not permit a plaintiff [to] amend[] its complaint to substitute a new plaintiff in order to cure the lack of subject matter jurisdiction."); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("[I]f Aetna did not have the ability to bring the suit . . . it could not amend."); *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981) (holding that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs"). That makes sense given the

long-settled rule that we assess jurisdiction at the time the suit was filed. *See, e.g., Davis v. FEC*, 554 U.S. 724, 734 (2008).

When Plaintiffs' counsel filed this suit, Goné did not have standing to sue because she was deceased. *See Lovato*, 171 S.W.3d at 850 (noting that if "the decedent lived, she would have had standing"); *Armes*, 222 S.W.3d at 85 (holding that "[b]ecause Armes passed away before this suit was filed, she did not have standing to assert a claim"). Instead, the estate had standing to sue. *See Lovato*, 171 S.W.3d at 850 (holding that after a decedent's death the "estate has a justiciable interest in the controversy"); *Armes*, 222 S.W.3d at 83 ("The estate is distinct from the individual."). But no one purported to press the estate's claims in the original complaint. If Hernandez had been a plaintiff in the original, timely filed complaint, perhaps she could have amended the complaint to change her capacity after the limitations period expired. *See Flores*, 92 F.3d at 273; *Tidewater Marine Towing, Inc. v. Dow Chem. Co.*, 689 F.2d 1251, 1253–54 (5th Cir. 1982). But in this case, the original complaint simply listed Goné as a plaintiff, even though she had already passed away. Our precedents do not allow Hernandez to use Rule 15 to go back in time to cure this jurisdictional defect.

*Hernandez*, 793 Fed. App'x at 265–66 (footnote omitted). Accordingly, the court held that Hernandez's survival claim was barred by limitations. *Id.* at 266.

*Hernandez* is distinguishable because Goné was already deceased at the time suit was originally filed; thus, the trial court did not obtain jurisdiction over the claims for personal injury to Goné within the limitations period. *See id.* Here, on the other hand, Laguna filed her original petition—raising claims both in her individual capacity and as next friend of Regino—while Regino was still alive, and within the limitations period. There is no dispute that Laguna had the capacity to bring her original claims at the time she brought them. Thus, there was no jurisdictional defect at the time of the original filing which would prevent application of the relation-back statute. *Cf. id.*

*Armes* and *Covington*—two cases which were cited in *Hernandez* and which appellees rely on in this appeal—are also distinguishable. In *Covington*, Vincent Lazard died in 1999 while being treated at the defendant hospital, and his daughter Patricia

Covington was appointed administrator of his estate in 2000. 179 S.W.3d at 584. In 2002, Lazard's sister Elizabeth Roberts filed a medical negligence suit against the hospital "on behalf of" the deceased. *Id.* The hospital moved for summary judgment, challenging Covington's capacity to act on behalf of Lazard's estate. *Id.* at 585. Roberts responded by filing a second amended petition in 2002 which added Covington as a plaintiff in her capacity as administrator of the estate. *Id.* The hospital then filed an amended summary judgment motion asserting that, because Roberts lacked capacity to sue, Patricia's survival action was barred by limitations. *Id.* The trial court found that Roberts's original suit "would be considered a nullity" "because she had no capacity to bring the cause of action she asserted," and it granted summary judgment dismissing Roberts's and Covington's claims. *Id.*

The Amarillo court of appeals affirmed, holding that "under these circumstances the amended pleading adding Covington to the suit did not relate back to Roberts' original pleading." *Id.* at 587–88. The court noted that "[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading." *Id.* at 588 (citing *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)).[11] It observed that Roberts was a "stranger to the survival action" and did not have capacity to sue on behalf of Lazard's estate because "there is no evidence Roberts was acting as a representative for any of Lazard's children who were his heirs." *Id.* The court therefore "decline[d] to extend the

---

[11] The court also quoted the following treatise passage:

> According to the little authority there is, it appears to be well settled that an amendment adding a party plaintiff after the statute of limitations has run does not relate back to the filing of the original petition *if the original plaintiff himself did not have a cause of action*.

*Covington v. Sisters of Charity of Incarnate Word*, 179 S.W.3d 583, 588 (Tex. App.—Amarillo 2005, pet. denied) (quoting Annotation, *Change in Party After Statute of Limitations Has Run*, 8 A.L.R.2d 6 (1949)) (emphasis added).

relation-back statute to the amended pleading naming Covington as a plaintiff." *Id.* (noting that "[t]his case is not like those allowing the relation-back of a pleading that substitutes a real party in interest for one acting in a representative capacity, . . . [n]or does this case involve anything analogous to a misnomer, a common occasion for relation-back").

In *Armes*, Mattie Armes tripped and fell outside the defendants' business on August 30, 2002. 222 S.W.3d at 81. She died of an unrelated illness in July 2004. *Id.* On August 27, 2004, a personal injury suit against the defendants was filed in Armes's name, but the petition did not indicate that Armes was deceased—indeed, the petition asked for, among other things, Armes's "*future* medical expenses." *Id.* Armes's daughter was appointed as administrator of her mother's estate in October of 2004, and counsel requested in November of 2004 that the daughter "be named as the plaintiff and that the suit proceed in her name." *Id.* The defendant then moved to dismiss on grounds that "the original petition purportedly filed by Armes did not invoke the trial court's jurisdiction because it was not filed by Armes's heirs or her estate's personal representative." *Id.* The trial court granted the motion, and the Eastland court of appeals affirmed. *Id.* at 82–85. The appeals court held in part that "[t]he relation-back doctrine has been applied to cure capacity issues, but it cannot retroactively create personal jurisdiction." *Id.* at 84 (footnote omitted). "Because Armes passed away before this suit was filed, she did not have standing to assert a claim; and the original petition filed in her name individually did not invoke the trial court's jurisdiction." *Id.*

Unlike in *Covington* and *Armes*, Laguna had capacity to file suit as Regino's next friend at the time she filed her original petition. And, Regino had capacity to sue on his own behalf at the time he reached the age of majority. Neither Laguna nor Regino were

16

"strangers" to the claim asserting that Regino suffered damages as a result of appellees' negligence. *Cf. Covington*, 179 S.W.3d at 588. Even though that claim began as an ordinary personal injury claim, it transformed into a survival claim upon Regino's death, and both Laguna and Acevedo had capacity to bring those claims at the time they were respectively brought.[12] *See Pratho v. Zapata*, 157 S.W.3d 832, 842 (Tex. App.—Fort Worth 2005, no pet.) ("Even though the amended petition was filed outside the statute of limitations for the estate's survival claim, it would have related back to the earlier petition because [decedent's widow] pleaded and proved standing as an heir at the time of trial."). Laguna's original petition, filed within the applicable limitations period, properly invoked the trial court's jurisdiction. Therefore, the second amended petition relates back to the original petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.[13]

---

[12] Appellees emphasize that Acevedo did not qualify as administrator of Regino's estate until more than one year passed after Regino's death. Even assuming that is true, that does not mean Acevedo's claim was untimely under Texas Civil Practice and Remedies Code § 16.062 or that she lacked capacity to sue, as appellees assert. Section 16.062 provides that "[t]he death of a person against whom or in whose favor there may be a cause of action suspends the running of an applicable statute of limitations for 12 months after the death" or until the estate representative qualifies, whichever is sooner. TEX. CIV. PRAC. & REM. CODE ANN. § 16.062. Here, after the filing of a suggestion of death, Acevedo substituted Regino as a plaintiff in her capacity as the representative of his estate under Texas Rule of Civil Procedure 151. *See* TEX. R. CIV. P. 151. The amended petition which named Acevedo as a plaintiff in her capacity as administrator of Regino's estate related back to the timely-filed original petition, regardless of when Acevedo qualified as administrator. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.

[13] As noted in *Covington*, the Texas Supreme Court has mentioned that "[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading." *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004) (first citing *Koch Oil Co. v. Wilber*, 895 S.W.2d 854, 863 (Tex. App.—Beaumont 1995, writ denied); and then citing *Davis v. Outdoor Equip. Co.*, 551 S.W.2d 72, 73 (Tex. App.—Houston [1st Dist.] 1977, no writ)). But after making this generalized statement, the *Alexander* court held:

> Moreover, when the amended petition sets up a distinct and different claim from that asserted in the previous petitions, the new claim does not relate back. We therefore agree with the court of appeals that Turtur Inc.'s claim against Alexander and his firm for mishandling its adversary proceeding in bankruptcy court alleges a transaction which is distinct and different from the Turtur Family Partnership's subsequent complaint in the Second Amended Petition that Alexander negligently induced it to sell its cattle at "fire sale prices."

*Id.* at 122 (internal citation omitted). As is evident from this passage, the court's holding that relation-back was inapplicable was based entirely on the fact that the amended claim "alleges a transaction which is

For the foregoing reasons, we conclude that appellants' claims are not barred by limitations. The trial court therefore erred by granting summary judgment in favor of appellees. *See KPMG Peat Marwick*, 988 S.W.2d at 748. We sustain appellants' issue on appeal.

### III. CONCLUSION

The trial court's judgments are reversed in both cause numbers, and we remand for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
21st day of July, 2022.

---

distinct and different" from the original claim—it was not based on identity of the plaintiffs. *See id.* Moreover, neither of the cases cited in *Alexander* as support for the above-referenced generalized statement involve a situation where a plaintiff brought a claim on behalf of a minor, the minor died, and the administrator of the estate was then substituted as the plaintiff, raising exactly the same claims. *See Koch Oil Co.*, 895 S.W.2d at 863; *Davis*, 551 S.W.2d at 73. Accordingly, this case is not subject to the "[o]rdinar[y]" rule that "an amended pleading adding a new party does not relate back to the original pleading."